59 F.3d 164
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Gilbert DIAS, Plaintiff, Appellant,
v.
Ronald DUVAL, Superintendent, M.C.I. Cedar Junction,
Defendant, Appellee.
 No. 94-2078
 United States Court of Appeals,
First Circuit.
 June 27, 1995
 
 Gilbert Dias on brief pro se.
 Nancy Ankers White, Special Assistant Attorney General, and Sondra M. Korman, Counsel, Department of Correction, on brief for appellees.
 D.Mass.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 We have carefully reviewed the briefs and record and conclude that summary judgment was correctly entered for defendants. We briefly comment on several of plaintiff's arguments.
 
 
 2
 1. Plaintiff contends that the district court should have granted his request for additional time to respond to defendants' motion for summary judgment. By the time plaintiff's motion was docketed, the district court had already entered judgment for defendants. Consequently, plaintiff's motion, in its present form, was moot. At that point, if plaintiff still wanted to file a substantive response to defendants' motion for summary judgment, he should have timely filed a motion under Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b) asking the district court to vacate its judgment and consider plaintiff's response. As plaintiff did not do either and never filed a substantive opposition to defendants' motion for summary judgment, we confine our review to the district court record and do not consider any new factual allegations plaintiff raises in his appellate brief.
 
 
 3
 2. The one instance in which plaintiff did not receive one of his four daily dosages of pain medication did not amount to an Eighth Amendment violation.
 
 
 4
 As for the prescribed medication plaintiff says he kept in his cell, plaintiff's January 28, 1993 letter to Lt. Silva requested that all his property be mailed out. Plaintiff did not specifically point out an immediate need for the medications. In those circumstances, the district court could properly conclude that summary judgment was appropriate because plaintiff had not shown a basis for inferring that defendants were deliberately indifferent to plaintiff's medical needs.
 
 
 5
 Defendants' submissions showed that plaintiff consistently refused to comply with alternate feeding procedures either by remaining silent, saying no, or claiming he wasn't hungry. Below, plaintiff described only one of the meals tendered-a cheese sandwich. In these circumstances, where plaintiff was repeatedly afforded an opportunity to come off alternate feeding but did not cooperate, plaintiff may not properly complain that defendants denied his medically prescribed diet.
 
 
 6
 3. Plaintiff contends he was deprived of the necessities of life in violation of the Eighth Amendment when he was placed on alternate feeding and for some period thereafter. We confine our review to the district court record and do not consider the new allegations presented in plaintiff's appellate brief. On that basis, we conclude that the temporary restrictions, which, according to the fair thrust of the district court record, lasted under a week, were not unconstitutionally cruel. Our affirmance, however, is without prejudice to plaintiff's bringing a new action challenging the conditions of his confinement once he was placed on alternate feeding. In his appellate brief, plaintiff asserts that he had no clothes, was confined to a cold cell twenty-four hours a day, was denied blankets, had no running water, and was not allowed to shower from January 26, 1993 until February 16, 1993. While his allegations are somewhat vague, undeveloped, and even contradictory at times, we think plaintiff should be afforded a further opportunity to clarify his allegations, particularly in view of plaintiff's unsuccessful attempt below to extend the time for responding to defendants' motion for summary judgment. Consequently, we direct that the summary judgment entered for defendants be without prejudice to plaintiff's filing a new action challenging the conditions of his confinement from January 26, 1993 to February 16, 1993.
 
 
 7
 4. Plaintiff contends he was denied due process during his disciplinary hearing. Summary judgment was properly entered for defendants. Plaintiff was not convicted of any throwing offense. Plaintiff's attacks on Lopes' allegations and the evidence relating to that charge do not state any due process claim. Freeman v. Rideout, 808 F.2d 949, 951-53 (2d Cir. 1986) ("prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"), cert. denied, 485 U.S. 982 (1988). Prison officials gave adequate reasons for denying two of plaintiff's requested witnesses, and the verbal insolence finding was adequately supported by the evidence.
 
 
 8
 We have considered all of plaintiff's arguments and affirm the judgment below, but direct that the affirmance is without prejudice to plaintiff's filing a new action challenging the conditions of his confinement from January 26, 1993 until February 16, 1993.